IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-01740-BNB

JAN 1 1 2010

ANTHONY S. DEMBRY,

GREGORY C. LANGHAM
CLERK

　　　　Applicant,

v.

PAM PLOUGHE, Acting Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

　　　　Respondents.

_____

ORDER OF DISMISSAL

_____

　　　　Applicant Anthony Dembry is a prisoner in the custody of the Colorado

Department of Corrections (DOC), who currently is incarcerated at the Colorado

Territorial Correctional Facility in Cañon City, Colorado.  On July 15, 2009, Mr. Dembry,

acting *pro se*, submitted to the Court an Application for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.

　　　　The Court must construe the Application liberally because Mr. Dembry is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act

as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons

stated below, the Court will dismiss the instant action.

　　　　Mr. Dembry previously sought relief pursuant to 28 U.S.C. § 2254 in this Court

regarding the same State of Colorado criminal conviction that he challenges in the

instant action.  *See Dembry v. Abbott, et al.*, No. 05-cv-01071-ZLW-CBS (D. Colo.

June 15, 2006), *appeal dismissed*, No. 06-1287 (10th Cir Apr. 10, 2007).  In the prior

§ 2254 action Mr. Dembry raised six claims.  One of the claims was dismissed as procedurally barred, and the remaining five claims were dismissed on the merits. Therefore, the instant § 2254 action is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Dembry must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id*. at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Dembry does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application.  Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest

2

of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re*

*Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

It was clear when the instant action was filed that this Court lacked jurisdiction.

None of the claims Mr. Dembry asserts meet the requirements set forth under 28

U.S.C. § 2244(b)(2). Furthermore, several of the claims are subject to dismissal under

§ 2244(b)(1). As a result, the Court finds that a transfer of this action to the Tenth

Circuit is not in the interest of justice. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed for lack of

jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr.

Dembry has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.

DATED at Denver, Colorado, this __11th__ day of __January__, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01740-BNB

Anthony S. Dembrey
Prisoner No.  104886
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

      I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on_____*i / ll /l0*_____

GREGORY C. LANGHAM, CLERK


By:_____
                     Deputy Clerk